[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DISCLOSURE OF D.C.F. RECORDS
The present action has been brought by the parents of two minor children in behalf of the parents and in behalf of the two minor children. In 1997, the two minor children were students at the defendant day care center.
The allegations in the complaint state that the plaintiff parents became concerned about the quality of care being provided to their children by the defendant. They expressed their concerns in writing and orally to the defendant corporation's president in May 1997. The plaintiffs further allege in their complaint that "the defendant, through its agent, servant and employee, maliciously and in bad faith and without reasonable cause filed a complaint with the Department of Children and Families falsely accusing the plaintiffs, James Doe and Jennifer Doe, of sexually abusing their children." The plaintiffs allege that this report of abuse to the D.C.F. was in retaliation because of the plaintiffs' concerns regarding the quality of care being provided by the defendant day care center.
The plaintiff-parents claims that, as a result of the report to the D.C.F., they were subjected to a "lengthy and intrusive" investigation of their family which continued until July 11, 1997, at which time the D.C.F. concluded that the charges were "unsubstantiated" and closed its file. The plaintiff-parents had hired an attorney to represent them in their dealings with the D.C.F.
The defendant served a Subpoena Duces Tecum and Notice of Deposition of the record keeper for production of the D.C.F. investigative file at a deposition to be held on August 28, 1998. On August 12, 1998, the plaintiffs filed a motion for a protective order. The court at that time sustained the defendant's objection to the plaintiffs' motion for protective order, but the records were not produced. CT Page 2019
On February 3, 2000, the defendant served a Second Notice of Deposition and Subpoena Duces Tecum on the D.C.F. requesting that the D.C.F. file, pertaining to its investigation of the plaintiffs, be produced at a deposition to be held on February 16, 2000. The plaintiffs have, once again, filed a Motion for Protective Order to prevent the release of the D.C.F.'s investigation file to the defendant. The basis of the plaintiffs' argument in opposing the release of the D.C.F.'s records to the defendant is that these records are privileged under state law and cannot be disclosed; and that certain innocent third parties would be affected by the disclosure of such records.
The defendant, in objecting to the plaintiffs' Motion for Protective Order argues that the plaintiffs have no standing to assert a challenge, as the plaintiffs are not arguing that the D.C.F. records be kept confidential to protect the plaintiffs, but rather, that third parties not involved in this litigation, must be protected from the disclosure of the records.
The defendant, in objecting to the plaintiffs' Motion for Protective Order, in the alternative, have requested that the court conduct an in camera review of the investigative records of the D.C.F. to assist in determining whether any or all of said records should be subject to disclosure to the defendant.
On July 24, 2000, the court agreed to make an in camera inspection of the D.C.F. records to ascertain the relevancy of said records to the pending litigation, and if a finding of relevancy is made, to determine the need for any redactions to these records, prior to any disclosure of these records to the defendant.
Subsequently, on October 20, 2000, the plaintiffs filed an application with the court seeking to have the same D.C.F. records disclosed to the plaintiffs, while opposing the release of the records to the defendant. The Department of Children and Families is represented by the Office of the Attorney General and has delivered the sealed records to the court for the in camera review of the records by the court. The Department takes no position in this matter, and thus awaits the court's decision regarding any disclosure of its records to the plaintiff or the defendant.
In reviewing the respective positions of the parties as set forth in the Memorandum of Law submitted to the court, the court has undertaken an analysis of[1] Connecticut General Statutes § 17a-28 (i)(j)(l) and (m). The court has also reviewed[2] Connecticut General Statutes CT Page 2020 § 17a-101 as amended by[3] Public Act 00-49(b).
Pursuant to Connecticut General Statutes § 17-28 (m), the court has conducted a hearing on the application and the protective order request and has conducted an in camera review of the D.C.F. records and finds that disclosure of the D.C.F. records and investigation reports regarding the subject matter is warranted and requires release in the interests of justice, especially in light of the allegations that the mandatory reporter knowingly made a false report to the D.C.F.
Accordingly, both the plaintiffs and the defendant shall be entitled to information contained in said D.C.F. reports with the necessary redactions which the court has made as a result of its in camera review. Said information, in its redacted form, shall contain the identity of the individual who reported the alleged abuse or neglect of the minor child who are also plaintiffs in this matter. Said redacted records will be provided to the parties, by the Court Clerk's Office within 14 days of the date of this decision.
The Court
By __________ Arnold, J.